FILED
DEC 27 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GUNTER,

    Plaintiff,

v.

WEST PUBLISHING,

    Defendant.

No. C05-03908 MJJ

**ORDER re MOTION TO DISMISS**

    Pending before the Court is Defendant West Publishing's Motion to Dismiss Plaintiff Michael Gunter's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. #10). For the following reasons, the Court grants Defendant's Motion.[1]

I.    Legal Standard

    A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d

---

[1] Defendant has filed its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Because Plaintiff has cited at least one federal statute in support of his claims, the Court turns to Defendant's 12(b)(6) arguments.

696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

II. Discussion

Plaintiff first alleges that Defendant "is harboring a fugitive and attempting to ratify via the joint powers act and the Department of Finance and Fraudulent Concealment as a viable theory and snow with state universities: telecommunications and other contracts." Plaintiff has failed to provide any legal authority recognizing that these allegations constitute a cognizable claim.

Next, Plaintiff alleges that Defendant "uses statutes to steal contracts," and cites 47 U.S.C. § 605 in support. This statute provides, in pertinent part:

> [N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception[.]

The Court has reviewed Plaintiff's Complaint, and finds no allegations sufficient to maintain a claim under § 605.

Next, Plaintiff alleges:

> Plaintiff would like to challenge the constitutionality of P.C. sub-section 296 and further all criminal statutes involving Plaintiff in the State of California and further provide that together [Defendant] and the state court judge that in 1984 created prejudiced harmless error and the municipal and superior court judges of [S]an Francisco who promulgated procedures that resulted in the issuance of invalid arrest warrants have in fact committed the statutory offense and Plaintiff is entitled to relief from the operation of a bad law.

The Court finds that these allegations fails to state a cognizable legal claim.

Finally, Plaintiff alleges:

> Plaintiff[']s primary concern is that the State of California through its officers and judges not commit another offense upon him and that [Defendant] not receive contractual favors from corrupt and racciteer [sic] influenced corporation to harbor fugitives giving infasis [sic] to certain statutes in Plaintiff['] instance and before his interruption in the

> courts of last resort so certain others can steal property and launder stolen monies with sauls wall with the diary called the crime of the century and that the courts give light to the single subject rule of the century, the public law, and the private person.

Plaintiff has failed to identify any legal authority recognizing that these allegations give rise to a cognizable claim.

III. Conclusion

In sum, the Court finds that Plaintiff has failed to plead any claim upon which the Court may grant relief. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) (Doc. #10), and **VACATES** the hearing set for January 10, 2006. Further, the Court **DENIES AS MOOT** all other pending motions (Docs. #11, #12, #17, #18.). This Order shall terminate this action.

**IT IS SO ORDERED.**

Dated: 12/27/2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE